IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RASHID MIR, SALMA IQBAL,  RM, SAGAR PALANDE, FLAVITA LOBO, LUZ MARIA REYES TORRES, JOSE MANUEL BECERRA TORRES, OSBALDO VAZQUEZ REYES, KARLA DOMINGUEZ ESPINOZA, MEERA KALIMATA TANIKELLA, KARTHIK PANYALA, SANDRO GARCIA MARTINEZ, MARIA DE LOS ANGELES DURAN ELIAS, LUCIANO MIRANDA ROSAS, MARTHA CANDELARIA REYES MENDIETA, KERI COLLEEN COOPER SABILLON, MILTON RICARDO HERRERA MONTERROSO, DH,  SRH, BIREN NOORDDIN DODHIYA, PARIN DODHIYA,  BD, EDITH PEREZ LARA, PATRICIO RAMIREZ SANCHEZ, ROSALIO FELIX GUZMAN, MAYUR NAYAK, SAKSHI RAI, ALEXIS M. DE LA CRUZ CASTRO, SELENE CASTRO CARDIEL, JOSE DE LA CRUZ ORTIZ, NOORALLAH VADHWANIA, SHELINA VADHWANIA, ALEEM VADHWANIA, SAI NISCHAL DASARI, SHIVA LEELA RATHOD, FAROOQ ASLAM, SOHNI FAROOQ,  BF, CHAITALI BRAHMBHATT, VISHAL NAYAK,  DN,  MN, KATTIA ZUNIGA, KARLA MENDOZA, CAMILO MUNOZ, JORGE SANCHEZ HERRERA, MAHMOOD MOHAMMAD, RODRIGO DE OLIVEIRA, LAYZA TONELOTTI, JESICA AUXILIADORA MARENCO ALGUERA, LUIS ANTONIO YANEZ AGUIRRE, FRANCIS ANDREAA RUIZ MARENCO, MARCO ALEJANDRO YANEZ AGUIRRE, MARCO ANTONIO YANEZ ALBA, PABLO FERREIRA, ENRIQUE FELIX TORRES, JAAHNAVI VAJJE, DUNG NGOC THI NGUYEN, HUY NGUYEN, LIEN LE, ASHA KOLAGUNDA NAGAPPA SHETTY, LANNY VAZQUEZ LOPEZ, ARF KAREDIA, ARYAN KABANI, LAURA GARZA, SAJJAD KHOJA, MUHAMMAD ARIF, VISHNU PRIYA NARRA, SOFIYAN SAMNANI, KEVIN EDUARDO REYES LOPEZ, HA EUN LEE,

**4:23CV3046**

**MEMORANDUM AND ORDER**

1

MANPREET SINGH, SONIA VERONICA CHAVEZ MORENO, KAYUM SAMSHUDINBHAI KAYUM, SONAL KAYUM KABANI, JAYKUMAR NITINKUMAR PRAJAPATI, VED NITINKUMAR PRAJAPATI, CHANDRIKA PRAJAPATI, NITINKUMAR NARAYANBHAI PRAJAPATI, ALPESHKUMAR PATEL, JIGNASHABEN PATEL,  AP, MURAD JAFARALI MUKHIDA, RITA MURAD MUKHIDA,  AM, LUIS ALFONSO RUIZ REATIGA, ANA KAREN SILVA MONTOYA, AVRS,  LERS,  SBS, SADIQ DAREDIA, ROUNAK DAREDIA, AYMAN DAREDIA, AD, BENJAMIN RAMON MATUS, MARIA MAGDALENA QUESADA DURAN, BIANKA MASSIEL MATUS FONSECA,  CAMQ, NORMA ANGELICA DELGADO CHAVEZ, CARLOS GERARDO SANCHEZ MARTINEZ,  AJSD, MONICA TORRES RAMOS, CRISTOPHER TORRES RAMOS, NAVIN PATEL, VIMLABEN PATEL, DEVANG PATEL, ENKHBAYAR NYAMSAMBUU, BAYARMAA DAMBADORJ,  EE, SALVADOR VENTURA, KARLA MALDONADO,  GM, JIGNESH KUMAR PATEL,  JP, MARYI CABRERA,  KG,  AG, ROBINSON ANDRES BENITEZ GONZALEZ, RUTH ANGELES GUADARRAMA, LESLIE ZUREIDY BENITEZ ANGELES, JITESHKUMAR TAWAR, SEMINA TAWAR, NT, SANJAYKUMAR PATEL, RITABEN PATEL,  PP, NARESHKUMAR PATEL, ASHABEN PATEL,  SP, ANISH SAYANI, SALIMA SAYANI,  ZS, NOURIEN SURANI, ABDUL AZIZ KHOJA, BHUPESHKUMAR PATEL, ARATIBEN PATEL, RAVIKUMAR PATEL, BELABEN PATEL, ALEJANDRO FLORES CANELA, BERONICA ALVARADO, DIKSHEP MAHENDRABHAI PATEL, BHOOMI DIKSHEP PATEL, JAYESHKUMAR PATEL, BHUMIBAHEN BAROT, GANCHIMEG SANJAA, BOLD ENKHTUYA, PRAYAGKUMAR PATEL, DEEPAL PATEL, EMILIANO CRUZ

2

DOMINGUEZ, ROCIO CORONADO, ERASMO GUZMAN, ELIZABETH REYES, EUTIQUIO REYES GARCIA, ELSA GALINDO DE LEON, HECTOR FLORES, YUVAL LERMAN, HILA OFER TANAMY, YESENIA ARAUJO DOMINGUES, JOSE LUIS MENDOZA, MARIA RIVERA, LUIS HERNANDEZ, YADIRA MARLEN BERRONES NIETO, MARCO ANTONIO DELGADO NIEVES, SINTIA JACKELINE LEMUS CARDOZA, MARGARITO GOMEZ MARTINEZ, NOLVIA ELIZABETH TORRES IRIARTE, MARIO FERNANDO REYES ZUNIGA, MARIA VAZQUEZ, MILTON AMADOR, JAYESHKUMAR PRAJAPATI, NAINA ISHWARBHAI PRAJAPATI, PREMALKUMAR JAGDISHBHAI PATEL, NILAM GHANSHYAMBHAI, JITENDRAKUMAR PATEL, NISHABEN PATEL, ABRAHAM B POAC OCHOA, ODILIA GOMEZ QUIQUIVIX, MARTHA PEREZ GONZALEZ, OSCAR SUAREZ ZAMUDIO, NIRAVKUMAR PATEL, POOJA BHATT, RAHIM DHANANI, RESHMA DHANANI, PRATIK MATKAR, SHIVANI NILESH MEHTA, DARSHAK KIKANI, LORENA RODRIGUEZ HERNANDEZ, HEENABEN PRAJAPATI, AKSHAY PATEL, BHARATKUMAR PATEL, SOLANKI MITESHKUMAR, ABILENE GUTIERREZ SOLORZANO, ALVARO MALTA, GHANSYAMBHAI PATEL, ARPITKUMAR PATEL, PRINCEKUMAR MAHENDRABHAI PATEL, YALILL DE JESUS SALAZAR FERIA, JIANDAN HU, JANAKKUMAR PATEL, NAWAZ JIWANI, YESICA LILIANA MUELA PANDO, ERIKA JUDITH LLAMAS SOLTERO, ARMANDO LOVERA, MIGUEL ANGEL REATEGUI DIAZ, ROLAND VILLAMOR, JULIO GARCIA, MOISES MOISES MARTINEZ, RAJENDRAKUMAR KESHAVLAL PATEL, KANAIYALAL PATEL, FLOR VIRGINIA CARRILLO MORALES, DENISSE ABATO CASTILLO, RAHIM NOORANI, MANUELA PEREZ GARCIA, MONICA SANCHEZ ARTEAGA, JULIO

| | |
|---|---|
| CESAR BONILLA GARCIA, BERTHA SANCHEZ GODINEZ, RUSHIL REJI, INGRID PEREZ, and ERASMO ARRIAGA, Plaintiffs, vs. UR JADDOU, Director, United States Citizenship and Immigration Services, Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim. Filing No. 24. For the reasons set forth herein, the Court grants in part and denies the motion to dismiss.

## I.    BACKGROUND

This case presents a challenge to alleged agency delay and inaction. Plaintiffs are noncitizens who were victims of serious crimes and have been or will be assisting law enforcement in prosecuting those crimes. *See* Filing No. 11 at 31–82. Defendant, Ur Jaddou, is the Director of the United States Citizenship and Immigration Services ("USCIS") which is the agency tasked with adjudicating all immigration benefit requests. Filing No. 11 at 24–25. Plaintiffs are applicants for U nonimmigrant visas ("U-Visas") based on their status as crime victims. They argue USCIS has unreasonably delayed determining their eligibility for two precursors to the issuance of U-Visas: a wait-list determination and a bona fide determination.

4

As set forth in Plaintiffs' Amended Complaint,[1] Congress enacted the U-Visa statute in 2000 as part of a decades-long legislative effort to empower and assist law enforcement in investigating and prosecuting crime against undocumented immigrants. Filing No. 11 at 26.  U-Visas are available to foreign nationals who are the victims of serious crimes such as rape, kidnapping, or assault and who possess important information about the crime.  Filing No. 11 at 26–27.  In order to apply for a U-Visa, a foreign national must have a signed certification from a federal, state, or local law enforcement agency verifying that he or she is assisting in the investigation or prosecution of the qualifying crime.  Filing No. 11 at 27 (citing 8 C.F.R. § 214.14).

Congress has allocated only 10,000 U-Visas per fiscal year since the visa's inception.  Filing No. 11 at 28.  However, starting in 2007 and every year since, there have been more than 10,000 eligible U-Visa applicants.  Filing No. 11 at 28.  Eligible U-Visa applicants who exceed the annual cap are forced to wait until the following fiscal year (or many fiscal years later, as the case has now become) until a visa is available. Filing No. 11 at 28.  To address this oversubscription problem, USCIS created a waiting list for applicants who are qualified to receive a U-Visa but are unable to receive one immediately due solely to the cap.  Filing No. 11 at 28 (citing 8 C.F.R. § 214.14(d)(2)). Once an applicant is moved to the waiting list, he or she receives deferred action (aka, protection from removal), parole (permission to physically enter the United States), and work authorization.  Filing No. 11 at 28–29.

The waiting list helped address the issue of otherwise eligible immigrants who were without protections or work authorization due solely to the U-Visa statutory cap.  Filing

---

[1] The Court considers Defendant's factual evidence in support of its motion to dismiss for lack of subject-matter jurisdiction below.

5

No. 11 at 29. However, since a wait-list determination requires USCIS to assess the full merits of an application, it has also now generated its own backlog. Filing No. 11 at 29. In 2008, Congress recognized that wait times for the U-Visa waiting list were growing and U-Visa applicants now needed pre-waiting list work authorization. Filing No. 11 at 29. The U-Visa bill's sponsors stated U-visa applicants "should not have to wait for up to a year before they can support themselves and their families" and added that USCIS should strive to issue work authorization within 60 days of filing. Filing No. 11 at 29 (quoting 154 Cong. Rec. H10,888, 10,905 (Dec. 10, 2008) (statement of Reps. Berman and Conyers), 2008 WL 5169865). Congress therefore allowed pre-waiting list work authorization for "any alien who has a pending, bona fide application for [U] status," commonly referred to as a bona fide determination. Filing No. 11 at 29 (quoting 8 U.S.C. § 1184(p)(6)). USCIS declined to allow pre-waiting list work authorization for nearly twelve years, however, eventually relenting and creating its "bona fide determination" policy in 2021. Filing No. 11 at 29.

Under this agency policy, USCIS deems an application bona fide if it has a complete form, a signed law-enforcement certification not more than six months old, a personal statement from the applicant, and if the applicant does not present national security concerns and has not committed any violent or dangerous crimes. Filing No. 11 at 30. If USCIS awards a bona fide determination to an applicant, he or she acquires deferred action, meaning the government will not remove the applicant, and work authorization. Filing No. 11 at 30. If USCIS denies a bona fide determination, the applicant awaits a waiting list determination instead. Filing No. 11 at 30. However, Plaintiffs allege that, one year into the bona fide program, USCIS has simply substituted

that process for the waiting list process, unreasonably delays making decisions, and refuses to issue waiting list decisions to individuals with bona fide determinations. Filing No. 11 at 31. According to its own processing times, USCIS now claims it takes 61.5 months to issue a bone fide determination on a U-Visa application. Filing No. 11 at 30.

Plaintiffs filed suit against Jaddou pursuant to the Administrative Procedure Act. Under their first cause of action, Plaintiffs allege USCIS has unlawfully withheld or unreasonably delayed bona fide determinations and employment authorization for U-Visa applicants. Filing No. 11 at 81. Under their second cause of action, Plaintiffs allege USCIS is unlawfully withholding waitlist decisions for applicants with a bona fide determination. Filing No. 11 at 91. Jaddou has moved to dismiss Plaintiffs' complaint.

## II. ANALYSIS

### A. Standards of Review

Jaddou moves to dismiss portions of Plaintiffs' complaint for lack of subject-matter jurisdiction under Federal Rule of Civil procedure 12(b)(1) and other portions for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). These bases for dismissal require different standards of review.

#### 1. Lack of Subject Matter Jurisdiction

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction are presumed true and the motion can succeed only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra*

*Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)).

In contrast, in a factual attack on subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and no presumptive truthfulness attaches to the plaintiff's allegations. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The plaintiff has the burden of proving that jurisdiction exists by a preponderance of evidence. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

Here, Jaddou mounts a factual attack upon subject-matter jurisdiction, meaning the Court can consider evidence she submits in support of this argument. However, to the extent Jaddou also attempts to submit extra-record evidence in conjunction with her 12(b)(6) arguments, the Court will not consider such evidence.

*2. Failure to State a Claim Upon Which Relief Can Be Granted*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.

8

at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As a general rule, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is decided based on the allegations of the operative complaint and "'matters outside the pleading' may not be considered in deciding a Fed. R. Civ. P. 12 motion to dismiss." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003)); *see* Fed. R. Civ. P. 12(d).

## B. Lack of Subject Matter Jurisdiction Due to Mootness

First, Jaddou argues the Court lacks subject-matter jurisdiction over certain of the plaintiffs because their cases are now moot due to post-filing developments. Filing No. 25 at 13. Plaintiffs agree that some of the claims are moot due to petitions having been

granted, petitions having been denied, or there being no record of filing.[2] Filing No. 26 at 2. Accordingly, the Court grants dismissal of the Plaintiffs upon which the parties agree.

Jaddou argues other Plaintiffs' claims are moot because they already have bona fide determinations and work authorization or because there are pending requests for evidence ("RFEs") to which they must respond. Filing No. 25 at 14. Plaintiffs respond that this does not render their claims moot; those who have been granted a bona fide determination still seek a wait-list determination and those with pending requests for evidence still seek such determinations as well. The Court agrees these plaintiffs' claims are not moot. To the extent USCIS could prevent the Court from obtaining jurisdiction over the plaintiffs by granting them only part of the relief they seek, (a bona fide determination but not a wait-list determination), this would permit it to elude review and continually prevent plaintiffs from successfully bringing suit to challenge its alleged delays. *See Turner v. Rogers*, 564 U.S. 431, 440 (2011) (exception to mootness for situations capable of repetition yet evading review). Additionally, from the evidence Defendant submits, it appears the deadline for plaintiffs with pending RFEs has now passed and thus USCIS's argument that it can take no further action on those cases is no longer accurate. *See, e.g.*, Filing No. 25-5 at 5 (demonstrating Plaintiff Rajendrakumar Patel had until October 1, 2023, to respond to an RFE). Thus, with the exception of those Plaintiffs who have had their waiting list decision granted or denied or who did not file to

---

[2] Plaintiffs Darshak Kikani, Biren Noorddin Dodhiya, Parin Dodhiya, and B.D. (placed on waiting list and EAD received); Julio Garcia (did not seek work authorization); Eutiquio Garcia Garcia (denial); and A.G. and Emiliano Cruz Dominguez (no record of filing). Filing No. 25 at 14; Filing No. 27 at 5. Defendants also indicate that "Elizabeth Flores" received a denial, but there is no plaintiff by that name.

begin with, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction.[3]

## C. The Court Does Not Lack Subject Matter Jurisdiction Due to Lack of Standing

Jaddou next argues that the two plaintiffs with approved bona fide determinations named under the second cause of action, Meera Kalimata Tanikella and Jaahnavi Vajje, lack standing to sue to compel USCIS to make a wait-list determination. Filing No. 25 at 16. Jaddou argues they have not suffered an injury in fact or imminent injury because they already have the relief they seek—deferred action and permission to work. Filing No. 25 at 16–17. Plaintiffs counter that a bona fide determination is not the same as a wait-list determination in many respects, including that advance parole is available to those on the waitlist but not those with a bona fide determination. The Court finds these Plaintiffs do not lack standing.

Jaddou's argument turns on a bona fide determination being the same as a wait-list determination in all but name. However, the evidence shows that the two are different, particularly with respect to the availability of advance parole, or permission to enter the United States. *Compare* 8 C.F.R. § 214.14(d)(2) (stating "USCIS will grant deferred action *or parole* to U–1 petitioners and qualifying family members while the U–1 petitioners are on the waiting list" (emphasis added)), with Filing No. 1-1 at 18 (USCIS

---

[3] Due to the progressive nature of the adjudication process, it appears there have been changes in the status of other Plaintiffs as well. *See, e.g.*, Filling No. 28 (Plaintiffs' voluntarily dismissal of certain plaintiffs); Filing No. 36 (same); Filing No. 33 (Defendant's notice certain Plaintiffs have been adjudicated on the waiting list). It is possible there will be similar changes as the case progresses. The Court encourages the parties to work together to identify and dismiss parties who no longer have active claims; namely, those who have had their wait list or U-Visa granted, those who have had them denied, and those with no record of filing. For purposes of the present motion, however, the Court has determined that neither cause of action should be dismissed even if certain named Plaintiffs within those categories may see changes to their individual situations as time progresses.

Policy Manual on the Bona Fide Determination Process stating, "If USCIS grants a noncitizen a Bona Fide Determination Employment Authorization Document (BFD EAD) as a result of the BFD process, USCIS then also exercises its discretion to grant that noncitizen deferred action for the period of the BFD EAD" and not discussing advance parole). Jaddou argues that, in practice, USCIS grants advance parole only to applicants outside the United States and deferred action to those within the country; it does not grant applicants who already have deferred action advance parole to travel outside the country and return. Filing No. 27 at 4. But, regardless of how USCIS may implement the regulation, the language allows for it to grant parole to those on the waitlist, a benefit the bona fide determination process does not contemplate. This is a significant difference between the two and a reason why the plaintiffs with bona fide determinations have alleged an adequate injury based on USCIS's denial to adjudicate their wait-list determinations.

A wait-list determination and a bona fide determination also differ in the amount of protection they grant to U-Visa applicants. The waiting list is a regulatory process, meaning that to change it, USCIS would have to follow the proper rule-making procedure, including public notice and comment. *See generally* 5 U.S.C. § 553 (requiring notice and comment for agency rulemaking). In contrast, the bona fide determination process is a policy USCIS adopted to ease the wait-list backlog with congressional blessing; USCIS could, in theory, rescind the policy immediately without notice or recourse to U-Visa applicants. *See, e.g.*, *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441 (6th Cir. 2022) ("A future administration could rescind the BFD process just as easily as this administration established it; the program could be retracted before any of Plaintiffs'

applications are adjudicated by USCIS.").  Thus, it is clear that a wait-list determination is not the same as a bona fide determination and the plaintiffs who have the latter but still seek the former have standing to sue.  Jaddou's motion to dismiss on this basis is denied.

### D.  Plaintiffs Have Adequately Stated a Claim for Relief Under the APA

Lastly, Jaddou argues Plaintiffs have failed to state a claim for unreasonable agency delay of bona fide determinations under the Administrative Procedure Act ("APA").  She argues USCIS's bona fide determinations are guided by a rule of reason and that granting Plaintiffs the relief they seek would merely unfairly move them to the front of the line ahead of other waiting U-Visa applicants.  Filing No. 25 at 22–28.  Plaintiffs argue they have adequately pleaded that USCIS does not make BFDs on a reasoned first-come, first-serve basis and that USCIS has adequate resources to adjudicate both their and other U-Visa applicants' BFD applicants in a timely manner.  Filing No. 26 at 12–17.

The APA requires that agencies conclude matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).  The parties agree that the Court's determination should be guided by the six factors set forth by the D.C. Circuit in *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) (the so-called "TRAC" factors):

> (1) whether the time agencies take to make decisions must be governed by a "rule of reason";

13

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the Court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the Court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

As to the first two factors regarding the rule of reason and congressional indication of a timetable, Plaintiffs plead that USCIS does not follow a rule of reason. Specifically, they assert USCIS does not make bona fide determinations in chronological order and "[t]here is no 'line.'" Filing No. 11 at 85. Additionally, as to the second factor, Plaintiffs have pleaded that Congress has instructed USCIS to strive to issue work authorization for U-Visa applicants within 60 days of filing," a timetable it is grievously failing given the current 61.5 month delay in making bona fide determinations. Filing No. 11 at 29 (quoting 154 Cong. Rec. H10,888, 10,905 (Dec. 10, 2008) (statement of Reps. Berman and Conyers), 2008 WL 5169865). Jaddou argues USCIS processes bona fide determinations on a first-in/first-out basis and points to a generic statement on its website that USCIS "generally" processes cases in the order it receives them, arguing the Court

14

can take judicial notice of its website.  But, at best, this merely creates a factual question better resolved on summary judgment after full discovery or by the factfinder at trial.

Plaintiffs have also pleaded facts to support application of the third TRAC factor: delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.  Plaintiffs seek the waitlist and bona fide determinations in order to be able to work to support themselves and their families and to avoid the threat physical removal from the United States during the years-long wait for their U-Visas to be adjudicated.  Thus, far from economic harm, Plaintiffs have pleaded a strong humanitarian element to their claim of unreasonable delay.

As to the fourth and fifth factors, the interests prejudiced and competing agency priorities, Plaintiffs allege the delays are not due to a lack of resources and USCIS has the ability to make decisions in a reasonable amount of time.  Filing No. 11 at 89.  They also plead that granting the relief they seek would not affect other agency priorities allowing them to skip the line because, as they claim, there is no line.  Filing No. 11 at 89. Jaddou argues USCIS has announced a new service center, the Humanitarian, Adjustment, Removing Conditions and Travel Documents Service Center ("HART") which will adjudicate U-Visas and speed up processing times "by the end of Fiscal Year 2023." Filing No. 25 at 28.  But this is the sort of extra-pleading evidence that Court will not consider when deciding a motion under Federal Rule of Civil Procedure 12(b)(6).

Lastly, Plaintiffs plead that USCIS "has intentionally slowed adjudication" of bona fide and waitlist decisions.  While Defendant denies this, this is again a question for the factfinder, not a consideration at the early pleading stage of this case.  Considering the TRAC factors, Plaintiffs have adequately stated a claim for agency delay under the APA.

**III.    CONCLUSION**

For the reasons set forth herein, Defendant's motion to dismiss is granted as to the plaintiffs that the parties agree now have moot claims due to post-filing developments and is denied in all other respects.

IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 24, is granted in part and denied in part as set forth herein.

2. Plaintiffs Darshak Kikani, Biren Noorddin Dodhiya, Parin Dodhiya, B.D., Julio Garcia, Eutiquio Garcia, A.G., and Emiliano Cruz Dominguez are dismissed from the case.

3. Defendant is ordered to answer the remaining Plaintiffs' claims in their Amended Complaint within 14 days of the date of this order.

Dated this 8th day of December, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge